UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                            No. 97-4894

MARK JEFFREY DUNCAN,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Roanoke.
Jackson L. Kiser, Senior District Judge.
(CR-96-40-R)

Submitted: July 21, 1998

Decided: August 28, 1998

Before NIEMEYER and HAMILTON, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Robert Frank Rider, RIDER, THOMAS, CLEAVELAND, FERRIS &
EAKIN, P.C., Roanoke, Virginia; Michael Rogalin, Oklahoma City,
Oklahoma, for Appellant. Robert P. Crouch, Jr., United States Attor-
ney, Anthony P. Giorno, Assistant United States Attorney, Roanoke,
Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Mark J. Duncan was sentenced on a guilty plea to eighteen counts of a twenty-two count indictment, including fifteen counts of wire fraud, in violation of 18 U.S.C.A. § 1343 (West Supp. 1998), and three counts of mail fraud, in violation of 18 U.S.C.A. § 1341 (West Supp. 1998). On appeal, by counsel, Duncan claims error by the district court relative to the order of restitution. Specifically, Duncan alleges that the district court erred in ordering him to pay restitution in the absence of a factual finding as to the financial impact of the restitution order upon his dependants, and claims that the court erred in ordering $239,075 in restitution absent evidence of Duncan's ability to pay. For the reasons discussed below, we affirm the district court's restitution order.

Congress enacted the Mandatory Victims Restitution Act ("MVRA") in 1996. See Pub. L. No. 104-132, Title II, §§ 201-211, 110 Stat. 1214; 18 U.S.C. §§ 3663A-3664 (West Supp. 1996). The MVRA makes restitution mandatory for certain crimes, see 18 U.S.C.A. § 3663A(a)(1) (West Supp. 1998), including offenses committed by fraud, see id. § 3663A(c)(1)(A)(ii), and mandates that full restitution shall be ordered "without consideration of the economic circumstances of the defendant," id.§ 3664(f)(1)(A). See United States v. Williams, 128 F.3d 1239, 1241 (8th Cir. 1997); United States v. Baggett, 125 F.3d 1319, 1322 (9th Cir. 1997), cert. denied, ___ U.S. ___, 118 S.Ct. 1089 (U.S. Feb. 23, 1998) (No. 97-7346). After ordering full restitution, the court must set a payment schedule. 18 U.S.C.A. § 3664(f)(2) (West Supp. 1998). In considering the manner and schedule of payment, the court is required to consider the defendant's financial resources, assets, projected income, and financial obligations. Id. If the defendant's financial situation does "not allow the payment of any amount of a restitution order, and [does] not allow for the payment of the full amount of a restitution order in the fore-

2

seeable future under any reasonable schedule of payments," the court can order nominal periodic payments. 18 U.S.C.A.§ 3664(f)(3)(B) (West Supp. 1998).

We find that the MVRA applies to Duncan's case. The conduct on which he entered his guilty plea included criminal conduct that was not completed until after April 24, 1996, the effective date of the MVRA.**1** The conduct to which Duncan pled guilty consisted of fraud, one of the enumerated crimes to which the MVRA applies. 18 U.S.C.A. § 3663A(c)(1)(A)(ii) (West Supp. 1998). The restitution amount owed, as set forth in the Presentence Investigation Report ("PSR"), and adopted, in large part, by the district court, had a sufficient factual basis.**2** Moreover, Duncan does not contest the Government's position that the MVRA applies to him. Because the MVRA eliminates the provisions of the Victim and Witness Protection Act of 1982, requiring the district court to make specific factual findings as to the defendant's financial resources or the financial needs and earning ability of the defendant and his dependants in determining the amount of restitution owed,**3** and requires an order of full restitution without regard for the defendant's economic circumstances, 18 U.S.C.A. § 3664(f)(1)(A), Duncan's claims on appeal are without merit.

Accordingly, we affirm the district court's restitution order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED
_____

**1** The indictment to which Duncan pled guilty is dated February 19, 1997, and specifies criminal conduct beginning on a date not known to the Grand Jury, but not later than July 1991 and continuing thereafter until the date of the indictment.

**2** The probation officer who prepared the PSR testified at trial as to the factual bases on which he relied in determining the amounts owed, including his review of FBI interview reports and victims' statements and forms which the victims completed and returned to the probation officer.

**3** **See** 18 U.S.C.A. § 3664(a)(1)(B)(i)(II) (West Supp. 1998).

3